**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    **CRIMINAL NO. 5:24-cr-00376-JLS** |
| v. | : |
| ALAN REDMOND, | : |
| BENE MARKET LLC, and | : |
| SEGURO MEDICO LLC | : |

**DEFENDANT ALAN REDMOND'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT AUDIO RECORDINGS (ECF NO. 148)**

Defendant Alan Christopher Redmond, proceeding pro se and solely on his own behalf, respectfully opposes ECF No. 148. He does not contend that recordings are categorically inadmissible, and he credits the Government's production of charged-conduct audio. He opposes the proposed blanket order because it asks for the seven foundational findings identified in *United States v. Starks* while simultaneously arguing that *Starks* should be displaced; because it asks the Court to approve the completeness of trial excerpts and accuracy of transcripts that have not yet been identified or prepared; because it asks the Court to find speakers properly identified before the Government presents the Rule 901 evidence it says it will offer at trial; and because the audio corpus was supplemented at 12:41 p.m. Eastern on the response date, with Defendant first gaining access at approximately 2:52 p.m.

The Court should deny the motion without prejudice, as another court in this District did when presented with a materially similar request on an insufficient pretrial record. Alternatively, the Court should require recording-specific foundation, defer unresolved issues to a Rule 104(a) hearing, and preserve all non-authentication objections.

## I. THE PROPOSED ORDER TRACKS THE *STARKS* FOUNDATION ONE FACTOR AT A TIME

In *United States v. Starks*, 515 F.2d 112, 121 & n.11 (3d Cir. 1975), the Third Circuit identified the traditional foundation for sound recordings, adopting the formulation of *United States v. McKeever*, 169 F. Supp. 426, 430 (S.D.N.Y. 1958). The Government's memorandum asks the Court to treat the decision as displaced by Rule 901. ECF No. 148 at 13–14. Its proposed order, however, requests the same findings in the same sequence:

| *Starks*, 515 F.2d at 121 n.11 | Proposed Order, ECF No. 148 |
|---|---|

1

| (1) device "capable of taking the conversation" | ¶ 1 devices "capable of accurately recording the conversations" |
|---|---|
| (2) operator "competent to operate the device" | ¶ 2 "operators of the recording devices were competent" |
| (3) recording "is authentic and correct" | ¶ 3 recordings "are authentic and correct" |
| (4) "changes, additions or deletions have not been made" | ¶ 4 "no changes in, additions to, or deletions from" trial excerpts |
| (5) recording "preserved in a manner that is shown to the court" | ¶ 5 recordings "properly preserved" |
| (6) "the speakers are identified" | ¶ 6 "speakers on the recordings are properly identified" |
| (7) conversation "made voluntarily and in good faith, without any kind of inducement" | ¶ 7 consenting party "freely and voluntarily consented" |

A motion of this type has long been described in this Circuit as an effort to comply with *Starks*. *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978). The Government has therefore filed a *Starks*-type motion while asking the Court not to apply *Starks*.

The Court need not resolve the abstract burden-of-proof question, because the courts of this Circuit have repeatedly declined to resolve it. In *United States v. Rodriguez-Mendez*, No. 22-1422 (3d Cir. May 11, 2023) (nonprecedential), the Government contended "that, because Federal Rule of Evidence 901(a) was adopted after *Starks*, it necessarily supersedes *Starks*, and thus its less rigid authentication standard should apply." The panel responded: "Since the government wins under either standard, we need not decide that question," applied the "more exacting" *Starks* framework, and found the recordings authenticated through combined witness testimony concerning equipment capability, operator competence, completeness, preservation, and voice identification. A decade earlier the Court of Appeals had likewise observed that "[i]t is unclear whether *Starks* remains relevant." *United States v. Than Le*, 542 F. App'x 108, 117 n.8 (3d Cir. 2013). And this District has recognized that "[t]he Third Circuit has not definitely answered the question of whether Rule 901 abrogated *Starks*" and continues to "apply the *Starks* factors to determine the authenticity of a tape recording." *United States v. Fratus*, 559 F. Supp. 3d 420, 422 (E.D. Pa. 2021), *aff'd*, No. 22-1185, 2023 WL 2710270 (3d Cir. Mar. 30, 2023). The relevant point is procedural: in each case the findings followed evidence from witnesses tied to the recordings. No comparable foundation has been presented here.

**II. RULE 901 REQUIRES EVIDENCE TIED TO THE ITEM, NOT A FORECAST OF FUTURE TESTIMONY**

Rule 901(a) requires evidence sufficient to support a finding that an item is what the proponent claims. The burden is modest, but it is not self-executing. Authentication resolves genuineness and nothing more. *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 285 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986); *In re Fine Paper Litigation*, 751 F.2d 562, 586 (3d Cir. 1984).

For employee-made recordings, the Government says former employees are expected to testify at trial concerning the device, operator, accuracy, preservation, speakers, consent, and transcripts. ECF No. 148 at 9–10. For Five9 recordings, the Government says a custodian can attest to the system and preservation and that agents or former employees can identify speakers. *Id.* at 11. Those representations identify the evidence the Government plans to present later; they do not constitute that evidence now.

ECF No. 156 confirms the point. Responding to Defendant's request for the basis of attribution, the Government states that the training recordings "will be admitted at trial after establishing proper foundation" under Rule 901(b)(1), (4), and (5). ECF No. 156 at 14. The Government thus agrees that attribution will be established through witness knowledge, distinctive characteristics, or voice identification at trial. Paragraph 6 should not declare those future identifications already established.

## III.    *GILLARD* DENIED A MATERIALLY SIMILAR RECORDINGS MOTION WITHOUT PREJUDICE — ON A RECORD WITH NO OBJECTION AT ALL

In *United States v. Gillard*, No. 2:23-cr-00026-JMG, ECF No. 259, slip op. at 38–41 (E.D. Pa. Jan. 23, 2024), the Government requested advance findings concerning recording-device capability, operator competence, authenticity and correctness, absence of additions or deletions, preservation, speaker identification, consent, and transcript accuracy. The court denied the request without prejudice: "the information submitted by the Government in support of its Motion is insufficient for this Court to address any authenticity or accuracy issues at this time," and the Government "may raise its arguments concerning the audio/video recordings it seeks to introduce, and its desire to introduce and supply the jurors with transcripts of those recordings," at trial. *Id.* at 41; *see id.* at 50 (denying the recordings motion without prejudice).

*Gillard* reached that result even though "no Defendant ha[d] raised an objection to the authenticity or accuracy of any of the Government's recordings." *Id.* at 41. Here a concrete objection exists, supplied by the Government's own filings. *See infra* Part VI. Under *Starks*, "[w]hen a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape, and the better rule requires that party to prove its chain of custody." 515 F.2d at 122. The case for requiring an actual foundation before entering

findings is therefore stronger here than in *Gillard*.

The decision this motion principally resembles, *United States v. Yilmaz*, No. 22-cr-00339-4, 2023 WL 6164558 (E.D. Pa. Sept. 21, 2023), involved a single, defined recording of one meeting, authenticated through a participating undercover agent, with no colorable attack made. ECF No. 148 covers recordings spanning 2015 to 2022 made by different operators on different systems, plus recordings the Government reserves the right to add, excerpts not yet selected, and transcripts not yet prepared. *Yilmaz* supports adjudicating a defined recording on a developed foundation; it does not support a blanket order on a moving inventory.

## IV.    PARAGRAPH 4 SEEKS A FINDING ABOUT UNIDENTIFIED FUTURE EXCERPTS AND WOULD PRE-RESOLVE RULE 106

Paragraph 4 does not merely ask the Court to find the source recordings unaltered. It asks the Court to find that there have been no changes, additions, or deletions from "the excerpts of the recordings *that will be played at trial*." ECF No. 148, proposed order ¶4. Attachment A identifies recordings, not trial excerpts, timestamps, or segments. Paragraph 8 confirms that the Government will later provide transcripts of the portions it plans to use.

A finding that nothing has been deleted from a set of excerpts cannot be made before the excerpts are identified. An excerpt is itself the product of selection from a longer whole—the "selective editing" *Starks* identified as a principal hazard of recorded evidence. 515 F.2d at 121. Rule 106, as amended effective December 1, 2023, permits an adverse party to require contemporaneous introduction of another part or statement that fairness requires, including over a hearsay objection. Fed. R. Evid. 106. The Rule addresses the misleading impression created by taking material out of context. A pretrial finding concerning the completeness of unseen excerpts would intrude on that later, excerpt-specific determination. Nor can paragraph 8 be entered as to transcripts: under this Circuit's model instruction, the recording—not the transcript—is the evidence, and the transcript serves only as an aid whose accuracy the jury judges against what it hears. Third Circuit Model Criminal Jury Instruction 2.07. A transcript that does not yet exist cannot be found accurate.

## V.    PARAGRAPH 6 CANNOT BE ENTERED BEFORE THE SPEAKERS AND ATTRIBUTION EVIDENCE ARE PRESENTED

Paragraph 6 asks the Court to find that the speakers are properly identified. Defendant's Omnibus Pretrial Motion No. 2 requested, for the charged calls, the identity of each speaker and the basis for attribution, identified by Bates number or call identifier. ECF No. 150, §3.3(e). ECF No. 156 responds that attribution is an authentication issue to be established at trial under Rule 901(b)(1), (4), and (5). ECF No. 156 at 14.

A provider certificate cannot supply the missing identity proof. In *United States v. Browne*, 834 F.3d 403, 410–13 (3d Cir. 2016), the Third Circuit held that a service-provider certificate could authenticate technical aspects of electronic communications but could not establish the substantive contents or link the defendant to them without separate Rule 901 evidence. Five9 may certify that a call file was stored or extracted through its system. Speaker identification requires conventional proof such as a witness familiar with the voice, distinctive circumstances, or other recording-specific evidence.

*United States v. DiSalvo*, 34 F.3d 1204, 1219–20 (3d Cir. 1994), demonstrates the proper procedure. The district court held two hearings, listened to the recording, initially excluded it as inaudible, later considered an enhanced version, and heard testimony from an agent who identified the voices based on prior personal conversations. The court ruled after the evidence was presented, not on an attorney forecast of future testimony. *Rodriguez-Mendez* is to the same effect: the foundation there came from the officer who directed the controlled buys and a cooperating co-defendant who identified the defendant's voice from years of familiarity, witness by witness and recording by recording.

## VI.  THE GOVERNMENT'S OWN OVERT ACT 59 DESCRIPTION DEFEATS A BLANKET NO-ALTERATION FINDING

The Superseding Indictment alleges that a sales-verification recording associated with consumer P.L. was materially edited. ECF No. 156 identifies Bates ranges for emails, a "doctored verification recording," and "the original unedited verification recording obtained from Five9, Inc." ECF No. 156 at 7 n.2. Defendant does not characterize the allegation and takes no position here on who altered any file or whether the allegation will be proved.

The narrower point is that the Government itself describes both an edited and an unedited version within the produced materials associated with Overt Act 59. Before paragraph 4 can be entered, the Government must identify the precise source file and proposed excerpt to which the requested no-change finding would apply and present the preservation and comparison foundation for that file. A blanket finding over an undefined corpus cannot be reconciled with the Government's own distinction between edited and unedited versions. Under *Starks*, a colorable attack shifts the burden to the proponent and calls for proof of chain of custody. 515 F.2d at 122.

## VII.  NO BLANKET HEARSAY DETERMINATION CAN BE ENTERED

The Government's memorandum asserts that the recordings contain statements of the defendant and co-conspirators and are therefore not hearsay. Attachment A, however, lists calls involving sales representatives, consumers, employees, and co-defendants, and each statement requires its own analysis. A statement offered under Rule 801(d)(2)(E) requires the

Court to find, by a preponderance of the evidence, that a conspiracy existed, that the declarant and the defendant were members of it, and that the statement was made during and in furtherance of it; the statement alone "does not by itself establish" those predicates. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); Fed. R. Evid. 801(d)(2). Statements of consumers on the calls are not statements of any party or co-conspirator at all, and whether each is offered for its truth, for context, or under an exception cannot be resolved by a blanket order.

## VIII.    THE FIVE9 CATEGORY DEPENDS ON THE SEPARATELY DISPUTED BUSINESS-RECORDS FOUNDATION

The Government states that the Five9 recordings are business records and are properly the subject of ECF No. 147. ECF No. 148 at 11. Defendant has separately opposed that motion because the certification set was incomplete when filed, because certifications and records were not mapped at the exhibit level, and because *Browne* limits what a provider certification can establish about communication content and attribution.

Omnibus Pretrial Motion No. 2 also requested mapping between the audio files and corresponding call-detail data. ECF No. 150, §4.3. As to Five9, the motions are interdependent. A ruling should await resolution of the specific certification, file, metadata, call-detail linkage, and speaker-identification foundation on which the Government relies.

## IX.    THE CORPUS EXPANDED ON THE RESPONSE DATE AND THE GOVERNMENT RESERVES FURTHER SUPPLEMENTATION

At 12:41 p.m. Eastern on July 24, 2026, the Government transmitted a seventh production, to which Defendant first gained access at approximately 2:52 p.m. Eastern, described as including training, management, and interview audio recordings, including recordings of Alan Redmond. The Government also reserves the right to supplement Attachment A before August 31, 2026. ECF No. 148 at 2 n.1.

Defendant has not had a fair opportunity to determine whether the newly produced audio duplicates Attachment A, supersedes listed files, or constitutes additional trial material. Any order entered now must, at minimum, be limited to specifically identified recordings in Attachment A as of July 17, 2026 and may not reach later-produced or later-selected files by implication.

## X.  A RULE 104(a) HEARING IS THE APPROPRIATE VEHICLE

The procedure Defendant requests is conventional and narrow. In *Cianfrani*, the Government sought a pretrial determination under *Starks*. 573 F.2d at 846. In *DiSalvo*, the court listened to the recording and heard foundation testimony before ruling. 34 F.3d at

1219–20. In *Gillard*, the court denied a materially similar motion without prejudice when the pretrial submission was insufficient. Slip op. at 41.

Before any renewed ruling, the Government should identify for each proposed recording: a stable exhibit and file identifier; the source and duration; the witness or certification relied upon; the basis for every material speaker attribution; the complete source recording and proposed excerpt; and any proposed transcript. The parties can then identify genuine disputes, and the Court can conduct a Rule 104(a) hearing only as to those recordings. Deferral costs little: an in limine ruling "is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

## XI.  ANY RULING MUST PRESERVE ALL OTHER OBJECTIONS

Authentication does not establish relevance or final admissibility. Any order should state that it does not resolve hearsay or the requirements of Rule 801(d)(2); completeness under Rule 106; transcript accuracy; audibility; unfair prejudice or confusion under Rule 403; other-acts issues under Rule 404(b); or constitutional objections.

This reservation is concrete. Attachment A includes a June 10, 2015 recording predating the charged conspiracy period, and the Government has separately identified that recording in its Notice of Expert Witnesses and Notice of Rule 404(b) Evidence while asserting that certain evidence is intrinsic.[1] In this Circuit, the "intrinsic" label is confined to evidence that "directly proves" the charged offense or uncharged contemporaneous acts that facilitate it; "all else must be analyzed under Rule 404(b)." *United States v. Green*, 617 F.3d 233, 248–49 (3d Cir. 2010). Defendant does not ask the Court to resolve that issue here. He preserves it for the schedule established by ECF No. 135.

_____

[1] The Notice cites *United States v. Green*, 617 F.3d 233, 215 (3d Cir. 2010), for the breadth of Rule 401. That pinpoint cannot be correct because *Green* begins at page 233. The cited proposition appears at *Green*, 617 F.3d at 251, quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004).

## XII.  CONCLUSION

Defendant respectfully requests that the Court:

1.  DENY ECF No. 148 without prejudice, as in *United States v. Gillard*, No. 2:23-cr-00026-JMG, ECF No. 259, slip op. at 41, 50 (E.D. Pa. Jan. 23, 2024);

2.  DENY paragraph 4 as to excerpts that have not been identified, without prejudice to renewal after the Government identifies the complete source and proposed excerpt;

3.  DENY paragraph 6 until the Government presents conventional Rule 901 proof identifying the speakers recording by recording;

4.  SCHEDULE a Rule 104(a) hearing for any recording as to which a genuine foundation, audibility, completeness, or attribution dispute remains;

5.  DEFER the Five9 category until the companion business-records issues in ECF No. 147 are resolved;

6.  LIMIT any ruling to specifically identified recordings in Attachment A as of July 17, 2026 and not to later-produced or later-selected files;

7.  DECLINE to enter any blanket determination that the recorded statements are non-hearsay, the predicates of Rule 801(d)(2) to be established statement by statement, *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); and

8.  STATE that any ruling resolves authentication only and preserves all other evidentiary and constitutional objections.

Respectfully submitted,

/s/ Alan C. Redmond
**ALAN CHRISTOPHER REDMOND**
Defendant, Pro Se
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com

Dated: July 24, 2026

The Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

8

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I submitted a true and correct copy of the foregoing Response in Opposition to ECF No. 148 through the Court's Electronic Document Submission (EDS) system for filing in CM/ECF and caused electronic service through that process upon counsel of record, including Assistant United States Attorneys Mary E. Crawley and Samuel S. Dalke, and counsel for the corporate defendants.

/s/ Alan C. Redmond
**ALAN CHRISTOPHER REDMOND**
Defendant, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

                                    :          **CRIMINAL NO. 5:24-cr-00376-JLS**

      v.          :

ALAN REDMOND,          :

BENE MARKET LLC, and          :

SEGURO MEDICO LLC          :

### PROPOSED ORDER — ECF NO. 148

### O R D E R

AND NOW, this _____ day of _____, 2026, upon consideration of the Government's Motion in Limine (ECF No. 148), and Defendant Alan Redmond's Response in Opposition thereto, it is hereby ORDERED that:

1.  The Motion is DENIED WITHOUT PREJUDICE;

2.  Paragraph 4 of the Government's proposed order is DENIED as to trial excerpts that have not been identified, without prejudice to renewal after the Government identifies each complete source recording and proposed excerpt;

3.  Paragraph 6 of the Government's proposed order is DENIED; speaker identification shall be established by conventional Rule 901 proof, recording by recording, and no provider certification shall serve to identify any speaker;

4.  A hearing pursuant to Federal Rule of Evidence 104(a) shall be scheduled as to any recording for which a genuine foundation, audibility, completeness, or attribution dispute remains;

5.  Any ruling as to the Five9, Inc. category of recordings is DEFERRED until the companion business-records issues raised by ECF No. 147 are resolved;

6.  Any ruling is limited to the recordings specifically identified in Attachment A to ECF No. 148 as of July 17, 2026, and does not extend to later-produced or later-selected files;

7.  No blanket determination is entered that the recorded statements are non-hearsay; the predicates of Rule 801(d)(2) shall be established statement by statement; and

1

8. Any ruling entered resolves authentication only and preserves all other evidentiary and constitutional objections, including under Rules 106, 401–403, 404(b), and 801, for the schedule set by ECF No. 135.

BY THE COURT:

_____
HONORABLE JEFFREY L. SCHMEHL
United States District Judge

2