**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 24-376** |
| **ALAN REDMOND**<br>**BENE MARKET LLC**<br>**SEGURO MEDICO LLC** | :<br><br>: | |

**AGREED MOTION OF DEFENDANTS ALAN REDMOND, BENE MARKET AND SEGURO MEDICO FOR CONTINUANCE OF TRIAL IN COMPLEX CASE UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161(h)(7)(B)(i) AND 18 U.S.C. ' 3161(h)(7)(B)(ii)**

Counsel for defendants Alan Redmond, Bene Market LLC, and Seguro Medico LLC ("the Redmond defendants"), with the agreement of counsel for the United States, moves to reschedule the trial date in this case to early January, 2027, and to exclude time from Speedy Trial Act calculations, and in support thereof, states:

1. On May 8, 2025, a grand jury sitting in this district returned a twenty-seven-count superseding indictment ("the indictment") against six defendants: four individuals and two corporations. Defendant Alan Redmond was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; nineteen counts of wire fraud, in violation of 18 U.S.C. § 1343; and seven counts of failure to pay over payroll taxes, in violation of 26 U.S.C. § 7202. The other three individuals, defendants Arthur Walsh, Jesus Barrera, and Albert Groff, and the two companies, defendants Bene Market LLC and Seguro Medico LLC, were charged with conspiracy to commit wire fraud and nineteen counts of wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, respectively.

2. Trial was first listed for July 21, 2025. Upon the government's uncontested motion, ECF 83, the Court made extensive findings as to the complexity of the case, declaring the case complex under the Speedy Trial Act and scheduling trial for April 13, 2026. ECF 84.

3. On January 2, 2026, upon the uncontested motion of counsel for the Redmond defendants, ECF 101, the Court rescheduled the trial for September 15, 2026. ECF 102.

4. On March 23, 2026, counsel for the Redmond defendants filed a motion to withdraw from the case, citing irreconcilable differences with defendant Redmond. ECF 109.

5. Between April 14, 2026, and July 30, 2026, the Court held five in-person status of counsel hearings with defendant Alan Redmond and government counsel. ECF 118, 121-22, 131-32, 135-36. On May 20, during the second status hearing, the Court administered the colloquy suggested in *United States v. Peppers*, 302 F.3d 120, 136-37 (3d Cir. 2002), to address defendant Redmond's request to represent himself.

6. On August 3, 2026, the undersigned entered his appearance as counsel for the Redmond defendants. ECF 162, 163, 164.

7. On August 4, the Court held a telephone conference with counsel, at which the undersigned made an oral motion for a continuance of the September 15, 2026 trial date, based on the need to review the voluminous discovery in order to be ready for any

further pretrial proceedings, and provide effective assistance to the Redmond defendants at trial. The government did not oppose.

8. A Speedy Trial Act continuance is necessary to allow the undersigned to review the discovery, make any necessary motions, and withdraw any pro se motions he deems necessary, no later than October 15, 2026, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial. Defense counsel has discussed this motion with defendant Redmond, who has signed the Speedy Trial waiver attached as Exhibit A.

9. Due to the nature of the prosecution and the matters stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. ' 3161(h)(7)(B)(ii).

10. The failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. ' 3161(h)(7)(B)(i).

11. This continuance is not being granted because of general congestion of the Court's calendar or lack of diligent preparation or failure to obtain available witnesses on the part of the attorneys for the government.

12. The interests of justice require the continued designation of this case as complex, and that the September 15, 2026 trial date be continued.

13. Counsel for the Redmond defendants has conferred with counsel for the United States prior to filing this motion. Counsel for the United States are in agreement with the Speedy Trial continuance sought in this case.

WHEREFORE, for the reasons stated above, counsel for the Redmond defendants respectfully moves the Court to continue the designation of the case as complex for Speedy Trial Act purposes, schedule a trial date in early January 2027, and exclude the time between the filing of this motion and the trial date under the Speedy Trial Act.

Respectfully submitted,

*/s/ Benjamin B. Cooper*
BENJAMIN B. COOPER
Counsel for Redmond Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the Agreed Defense Motion to Continue September 15, 2026 Trial Date was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by email upon:

Mary E. Crawley and
Samuel S. Dalke
Assistant United States Attorneys

*s/ Benjamin B. Cooper*
BENJAMIN B. COOPER

DATED: August 6, 2026

# FORM

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA Criminal No. 25-CR-376

vs.

ALAN REDMOND

I, ALAN REDMOND (Defendant), have consulted with my counsel concerning my right under the Speedy Trial Act and my right to a speedy trial under the Sixth Amendment to the U.S. Constitution. I do not oppose a continuance of my trial, now scheduled for **January 11, 2026 and the Hearing on Motions Scheduled for November, 2026**, and agree that the ends of justice served by a continuance outweigh the best interest of the public and myself in a speedy trial. I understand that the time between the filing of a Motion to continue and the new trial date to be set by the Court will be excluded for purposes of computing the time within which my trial must commence under the Speedy Trial Act, and I also agree that this delay will not deprive me of my speedy trial rights under the Sixth Amendment. I understand that if I do not wish to sign this document, the Court will hold a hearing at which I will be present.

______________________________ *Witness Signature*

*/s/ Alan C Redmond*
Defendant Signature

08/06/2026
Date

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 24-376** |
| **ALAN REDMOND**<br>**BENE MARKET LLC**<br>**SEGURO MEDICO LLC** | :<br><br>: | |

**ORDER**

AND NOW, this day of , 2026, upon the motion of the defendants, to which the United States agrees, it is

ORDERED

that the trial date in the above-captioned matter, previously scheduled for September 15, 2026, is hereby set for ________________________.

IT IS FURTHER ORDERED that the delay resulting from this continuance (that is, from the date of filing of the motion of defendants Alan Redmond, Bene Market, and Seguro Medico until the date of trial) shall be excluded from Speedy Trial Act calculations because the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. ' 3161(h)(7)(A). The Court makes this finding based on the following considerations:

1. On May 8, 2025, a grand jury sitting in this district returned a twenty-seven-count superseding indictment ("the indictment") against six defendants: four individuals and two corporations. Defendant Alan Redmond was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; nineteen counts of wire fraud, in

violation of 18 U.S.C. § 1343; and seven counts of failure to pay over payroll taxes, in violation of 26 U.S.C. § 7202. The other three individuals, defendants Arthur Walsh, Jesus Barrera, and Albert Groff, and the two companies, Bene Market LLC and Seguro Medico LLC, were charged with conspiracy to commit wire fraud and nineteen counts of wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, respectively.

2. Trial was first listed on July 21, 2025. Upon the government's uncontested motion, ECF 83, the Court declared the case complex under the Speedy Trial Act and scheduled trial for April 13, 2026. ECF 84.[1] Upon the uncontested motion of counsel for defendants Alan Redmond, Bene Market, and Seguro Medico ("the Redmond defendants"), ECF 101, the Court rescheduled the trial for September 15, 2026. ECF 102.

3. On March 23, 2026, counsel for the Redmond defendants filed a motion to withdraw from the case, citing irreconcilable differences with defendant Redmond. ECF 109.

4. Between April 14, 2026, and July 30, 2026, the Court held five in-person status of counsel hearings with defendant Alan Redmond and government counsel. ECF 118, 121-22, 131-32, 135-36. On May 20, during the second status hearing, the Court administered the colloquy suggested in *United States v. Peppers*, 302 F.3d 120, 136-37 (3d Cir. 2002), to address defendant Redmond's request to represent himself.

---

1 See findings in ECF 84. This Court finds that the case remains complex, given the nature of the prosecution, the volume of documents provided in discovery, and the many witnesses and documents the government expects to present at a trial that government counsel estimate will last 4 to 5 weeks.

5. On August 3, 2026, new counsel, Attorney Benjamin B. Cooper, Esquire, entered his appearance as counsel for the Redmond defendants. ECF 162, 163, 164.

6. On August 4, the Court held a telephone conference with counsel, at which Attorney Cooper made an oral motion for a continuance of the September 15, 2026 trial date, based on the need to review the voluminous discovery in order to be ready for any further pretrial proceedings, and provide effective assistance to the Redmond defendants at trial. The government did not oppose.

7. A Speedy Trial Act continuance is necessary to allow new counsel to review the discovery, make any necessary motions, and withdraw any pro se motions he deems necessary, no later than October 15, 2026, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial. Defense counsel has discussed this motion with defendant Redmond, who has signed the Speedy Trial waiver attached as Exhibit A.

8. Due to the nature of the prosecution and the matters stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. ' 3161(h)(7)(B)(ii).

9. The failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. ' 3161(h)(7)(B)(i).

10. This continuance is not being granted because of general congestion of the Court's calendar or lack of diligent preparation or failure to obtain available witnesses on the part of the attorneys for the government.

11. The interests of justice require the continued designation of this case as complex, and that the September 15, 2026 trial date be continued.

12. Counsel for the Redmond defendants have conferred with counsel for the United States prior to filing this motion. Counsel for the United States are in agreement with the Speedy Trial continuance sought in this case.

BY THE COURT:

________________________________________

HONORABLE JEFFREY L. SCHMEHL
*Judge, United States District Court*